Mr, Justice Van Obsdel
delivered the opinion of the Court:
The only question involved is whether the widow is entitled to one third of the proceeds of the sale of the property under the agreement, or whether she is only entitled to her dower interest in the estate. Counsel for appellant have mistaken the limitation of one year to apply to the execution of the entire contract, when it, in fact, only applies to the period over which the widow was to attend to the rental of the property. This provision was undoubtedly inserted for the purpose of giving the widow control of the property and the income arising therefrom during the reasonable period within which it was thought necessary to settle the affairs of the deceased’s estate. It in no way formed a consideration for granting to her a one-third interest in the proceeds of the property in lieu of her dower interest. Neither did it place a limitation upon the time within which the property should be sold and the proceeds divided.
The consideration for this contract was the amicable and economical settlement of the estate. It is a good and valid consideration. The contract is one which the courts will not only uphold, but encourage. It does not limit the method to be employed in disposing of the property. If it did, that method could be abandoned, and another adopted by consent of all the parties. No objection appears to have been made to the plan adopted for the sale and partition of the proceeds, the appellant’s only objection being that the widow is only entitled to her dower interest in the proceeds of the sale. As suggested, neither the time of the sale nor the method adopted constituted the consideration for granting the widow one third of the proceeds in lieu of her dower interest in the estate. The contract should be enforced.
The decree is affirmed, with costs, and it is so ordered.

Affirmed.